## Morris Green v. Henry Belitz.

*Highways: Curative act: Private ways: Obstructions: Charge to the jury.*
  The statute (*Comp. L. 1871, § 1268*) designed to cure defects in the laying out and recording of highways, has no application to mere private ways, but is confined to public highways; and in an action to recover damages for injuries caused by obstructions placed in a roadway, where it is disputed whether the road was a public or a private way, a charge to the jury that if the way in controversy was, on March 15, 1861, a road not recorded, but had been used as such for ten years or more, then the same by force of said statute became and was a public highway, is held to be error.

*Submitted on briefs June 21.    Decided October 10.*

Error to Oakland Circuit.

*A. C. Baldwin*, for plaintiff in error.

*C. & W. N. Draper*, for defendant in error.

MARSTON, J:

Belitz brought an action of trespass on the case to recover special damages sustained by him on account of an alleged obstruction of a public highway by defendant.

There was evidence given on the part of the plaintiff tending to show that the road in question had been used as a highway for more than twenty years; that it was four rods wide up to 1863, when defendant fenced it in, leaving it less than twenty-six feet wide; that in 1866, and again in 1869, defendant drew and deposited stone in the road, which

caused the snow to accumulate in drifts upon the road; that plaintiff had, without fault on his part, broken his wagon and sleighs upon these stones, and was otherwise injured on account of the snow drifts, as he had no means of ingress or egress to his farm except by this road. Evidence was also given by the plaintiff tending to show that a survey of this road had been made and recorded, and that highway labor had been performed thereon in 1871 and 1872, and that plaintiff had worked out his road tax upon this road under defendant's directions as overseer of highways. On the part of the defendant evidence was given tending to show that the road in question was not a public highway, but a private way, used under an agreement made with a former proprietor of the land owned by plaintiff; that no public road had ever been laid out over this line, and that the land had never been dedicated or condemned for a highway.

The plaintiff claimed, and the court at his request charged, that if the jury should find the way in controversy was, on the 15th day of March, 1861, a road not recorded, and that the same had been used a period of ten years or more, then the same by force of the statute (§ 1268, C. L.) became and was a public highway. The force and effect of this instruction was, that a mere private way, used as such for a period of ten years, became by force of the statute a public highway. The statute cannot receive such a construction. The legislature never intended by any so summary a process to convert private into public highways. This section has no relation to private ways. It applies to public highways, and was designed to cure defects in the laying out and recording of the same where they had been used as a public highway the time fixed by the statute. It was not the intention that a private way, no matter how long it may have been used as such, should, upon the taking effect of this act, become public. No such radical change was intended.

We do not consider it necessary to discuss at length the

other questions raised. The plaintiff's declaration set forth a cause of action, and the evidence introduced by him to show the special damages he sustained was admissible in case the highway was a public one. Defendant's ninth request was too. broad, and properly refused. If plaintiff voluntarily ran against the stone and broke his wagon, still that would not prevent his right to recover any other legitimate damage which he sustained on account of the obstructions. Had the request been confined to his right to recover as damages the injuries sustained by the wagon alone, the request would have been unobjectionable. These remarks will apply likewise to defendant's seventh request.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.