RIBBLE *v.* BURNHAM.

1. INJUNCTION—RIGHT TO ENJOIN TRESPASS.
   One in actual possession of land, claiming title, may maintain suit to enjoin repeated trespass.

2. DEDICATION—ACCEPTANCE—HIGHWAYS AND STREETS—TRESPASS—INJUNCTION.
   One in possession of strip of land under quitclaim deed is entitled to enjoin repeated trespass by one claiming right to use it as road or street, in absence of evidence that claimed offer of dedication had ever been accepted by proper public authorities or that it had been kept in repair or taken in charge by them.

3. SAME—ACCEPTANCE BY PROPER AUTHORITIES NECESSARY.
   Acceptance of dedication of road or street must be by highway commissioner, township board, or other proper municipal highway authorities; tax assessor having no authority to accept dedication, assessment for taxes is unimportant.

4. HIGHWAYS AND STREETS—MERE USE BY PUBLIC INSUFFICIENT.
   Mere fact that public uses way will not make it public way; but there must be more, such as keeping in repair or adoption by public authorities.

Appeal from Lapeer; Smith (Henry H.), J. Submitted January 16, 1931. (Docket No. 88, Calendar No. 35,227.) Decided February 27, 1931.

Bill by Clarence T. Ribble against Arthur F. Burnham and another to enjoin trespass on a strip of land. Decree for plaintiff. Defendants appeal. Affirmed.

*Theodore D. Halpin,* for plaintiff.

*Herbert W. Smith,* for defendants.

As to effect of limited use by public of way as an acceptance of dedication, see annotation in 22 L. R. A. (N. S.) 1114.

CLARK, J.  Plaintiff owns and is in possession of a house and lot facing west on Territorial road in unplatted portion of village of Metamora.  The defendants own and possess a house and lot just north of plaintiff's property.  Between the two properties is a disputed strip 50 feet in width.  Plaintiff alleges that he owns it and has had possession of it for many years.  Defendants assert that the strip is a public highway and claim no right in it "except as a citizen."  Plaintiff filed this bill to enjoin repeated trespasses by defendants, and for other relief.  Plaintiff had decree.  Defendants have appealed.

The history of the strip begins in 1873, when a predecessor in title received deed of the lot now owned by plaintiff, in which, added to the description, is the following: "A road or street 50 feet wide to be opened and so kept always along the north side of above described land."  This recital was carried in the deeds in successive conveyances until in later years a quitclaim deed of the strip appeared and deeds following covered the lot and the strip, omitting recital respecting road or street. Whether plaintiff can show perfect record title to the disputed strip is not here important.  In defendants' chain of title there is no reference to the strip.

The weight of evidence is that plaintiff was in actual possession claiming title.  This was sufficient to enable him to maintain this suit to enjoin repeated trespass.  32 C. J. p. 130; *Diamond Match Co.* v. *Village of Ontonagon*, 72 Mich. 249.

Plaintiff contends there is no dedication to public use, and that the original deed created no more than a private easement.  Also, that if offer to dedicate be assumed, there was no acceptance of the offer by

public authorities. Passing the matter of alleged dedication, including use, the record is practically barren of evidence to show acceptance, and the decision of the trial judge on this question must be sustained. In *South Branch Ranch Co.* v. *Emery,* 191 Mich. 188, it was held that the mere fact that the public uses a way will not make it a public way; there must be more; it must be kept in repair or taken in charge and adopted by the public authorities. The reason for this holding is fully discussed in that case and in later cases citing it. The acceptance must be by highway commissioner, township board, or other proper municipal highway authorities. A tax assessor cannot accept dedication (*Murphey* v. *Township of Lee,* 239 Mich. 551), so alleged matter of assessment for taxes is not important.

Decree here will be conclusive as between the parties. That it may not be conclusive as to the proper municipality is not a point in the case.

Affirmed. Costs to plaintiff.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.