THE BOROUGH OF STOCKTON, IN HUNTERDON COUNTY, RESPONDENT, v. LOUISE M. FRABIZIO ET AL., APPELLANTS.

Argued January 19, 1943—Decided March 26, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the appellants, *Edgar W. Hunt.*

For the respondent, *Ryman Herr.*

The opinion of the court was delivered by

PARKER, J. The suit is in ejectment, for a strip of land about 22 feet wide, and about 500 feet long, claimed by the borough as a public highway, and by the appellants, owners of the basic fee, as a private lane. The jury found in favor of the borough, and from the resulting judgment defendants appeal. Twelve grounds of appeal are argued, but we find it needless to consider all of them with particularity, as we conclude that the judgment must be reversed for reasons presently to be stated.

The first ground of appeal challenges the admission into evidence of a printed book, dated in 1873, and purporting to be an "atlas" of the county; one of the pages whereof exhibited the *locus in quo* with buildings and surroundings.

In line with this, counsel for plaintiff also offered in evidence a photographic enlargement of the *locus in quo,* made from the page in question. This is challenged by the second ground of appeal.

If the page itself was competent evidence, the enlargement was merely illustrative of the same page on a larger scale, and harmless even if technically erroneous. As to the map itself, we think that as it was ostensibly and without contradiction nearly seventy years old, it was fairly within the rule of "ancient documents" (22 *C. J.* 945, *et seq.*) and admissible accordingly, for the purpose of showing the physical features of the locality; but on the question whether the 22 foot strip was a private lane or public highway, it had no evidential value. The cases of *Scatuorchio* v. *New York, Susquehanna and Western Railroad Co.,* 10 *N. J. Mis. R.* 528, and *Robertson* v. *Meyer,* 59 *N. J. Eq.* 366, 370, cited by appellants, illustrate the point; and it would have been the duty of the court to charge, if requested, that the atlas and photographic enlargement were not evidential of the existence of a public street.

The next point to consider is whether there was error in refusing to direct a verdict for defendants. The trial judge seems to have dealt with this question in a double aspect, viz., (a) continuous public use since 1873: and (b) similar use for twenty years previous to beginning the suit. There was considerable evidence of public use, and on the other hand some evidence that the lane had at times been closed off by the defendants by erection of barriers. It may be that the court would have been justified in directing a verdict for defendants, but we find it unnecessary to pursue this inquiry, because we find clear error in charging the jury that the burden of proof was on defendants to satisfy them "that this road or street has not been open since 1873 continuously and used at any one time during a period of twenty years." On the contrary, the burden was on the plaintiff, technically at least out of possession, and demanding possession, to prove its right to the same: and in this case to prove the elements of a dedication to public use by uninterrupted public passage for many years.

We think also that there was error in allowing a question on the cross-examination of one of the defendants, as to whether the local railroad occasionally obstructed the Bridge Street crossing with trains. A similar question in *Atlantic City* v. *Snee*, 68 *N. J. L.* 39, 40, was held clearly incompetent.

Error is claimed in the refusal of certain requests to charge. Some we consider ill founded in point of law: others unduly lengthy and likely to confuse rather than aid the jury; but as stated at the outset, we need not consider them with particularity, as the errors already pointed out call for a reversal and a *venire de novo*. Such will be the order, the costs of this appeal to abide the event of the suit.