MISSAUKEE LAKES LAND COMPANY *v.* MISSAUKEE COUNTY ROAD COMMISSION.

1. Highways and Streets—Township and County Highway Consolidation—Private Roads.

The statute authorizing consolidation of township and county road systems does not authorize the county road commission to take private roads into the county public highway system as public highways (CL 1948, § 247.1 *et seq.*).

2. Same—Automatic Conversion of Private Road into Public Highway.

The public use of roads through 6,500-acre tract belonging to private hunting and fishing club *held,* insufficient to effect automatic conversion of such private roads into public roads under statute providing therefor in the event of use for 10 years or more by the public (CL 1948, § 221.20).

References for Points in Headnotes
[2, 3, 5, 9, 10] 16 Am Jur, Dedication § 45 *et seq.*
[6, 7] 25 Am Jur, Highways § 11 *et seq.*
[8] 16 Am Jur, Dedication § 16 *et seq.*

3. Same—Petition to Close—Estoppel.

Participation by directors of plaintiff, a private hunting and fishing club which owned a 6,500-acre tract of land, in petition to have certain roads therein closed but upon which petition no action was taken by the county road commission or township boards did not effect an estoppel upon plaintiff from claiming the roads are private, or change their character to public roads.

4. Same—Private Roads—Prima Facie Proof.

The private character of roads upon 6,500-acre tract of land belonging to plaintiff, a private hunting and fishing club, was established prima facie by proving title and possession.

5. Same—Private Road—Dedication.

Testimony of use by public of roads on 6,500-acre tract belonging to private hunting and fishing club without objection by the club was insufficient to change the character of private roads to public highways, where there was no express dedication to public use by the club and it had taken various means to exclude the public, since an implied dedication cannot arise from permissive use.

6. Same—Private Road—Permissive Use.

A mere permissive use of a private road by the general public, however long continued, will not make it a public highway.

7. Same—Public User.

User of the highway by the public for a period of 10 years or more must have been accompanied by some act on the part of the highway authorities so open, notorious, and hostile as to be notice to the landowner that his title was denied (CL 1948, § 221.20).

8. Same—Common-Law Dedication.

To constitute a common-law dedication of land for a highway, the owner of the land must set apart for such purpose so much of the land as he intends to be appropriated therefor, and must give it over to the public with the intention that it be used as such, and there must be an acceptance thereof by the public.

9. Same—Right by User.

To constitute a highway by user, there must be a defined line, and it must be used and worked upon by the public authorities, and traveled over and used by the public, for 10 consecutive years, without interruption, and the possession thereof by the public must be open, notorious, and exclusive (CL 1948, § 221.20).

10. Same—Right by User—Logging Roads—User—Maintenance. Use by public of old logging roads, grades and trails after lumbering operations had ceased is insufficient to establish them as public highways by user, since to establish them as such, there must also have been acceptance by the public at least by taking over control and maintenance of some portion of the alleged public highway, occasional and non-continuous maintenance assistance being insufficient to make them public highways by user.

Appeal from Missaukee; Campbell (Howard L.), J. Submitted April 9, 1952. (Docket No. 10, Calendar No. 45,230.) Decided May 16, 1952. Rehearing denied September 3, 1952.

Bill by Missaukee Lakes Land Company against Missaukee County Road Commission and others to restrain interference with fence on private road. Cross bill by defendants against plaintiff to have roads declared public highways. Decree for defendants. Plaintiff appeals. Reversed and decree granted plaintiff.

*Voorhies, Long, Ryan & McNair* (*R. Gerveys Grylls,* of counsel, on application for rehearing), for plaintiff.

*Charles H. Miltner,* for defendants.

Boyles, J. Plaintiff is a private hunting and fishing club which owns about 6,500 acres of land in Caldwell and Lake townships in Missaukee county. There are several lakes on the property, and its usefulness is recreational, hunting and fishing. The property is traversed by numerous roads and trails which plaintiff claims are private roads. The entire acreage is fenced in.

The road here particularly involved runs past Dyer lake on plaintiff's property from county road 42. In 1949 the plaintiff extended its fence which was along said county road to cross the entrance from county road 42 on the Dyer lake road and .opened a

new entrance somewhat south for a better view of approaching traffic. The defendant county road commission had the fence across the road removed, claiming it was a public highway. The fence was replaced by plaintiff and again removed by said defendant, whereupon plaintiff filed the instant bill of complaint in the circuit court for Missaukee county to enjoin the defendants from further interfering with the fence. The defendants, by cross bill, claim that the Dyer lake road, as well as some 10 or more other roads in plaintiff's property, are public highways and ask the Court to decree accordingly. By stipulation, counsel have agreed that the instant case involving the Dyer lake road will control the question whether the other roads are private roads or public highways. The trial court held that they were public roads, dismissed plaintiff's bill of complaint, and from the decree to that effect the plaintiff appeals.

The trial court relied mainly on 3 claims advanced by the defendants and again relied upon by the defendants on the appeal.

(1) The county road commission had certified to the State highway commissioner in 1939 that the roads in question were county roads, under PA 1939, No 36, an amendment to the McNitt act.* While disputed, the record indicates that these roads had not been taken over by the county road commission originally as public highways under the McNitt act during the 5-year period allowed by that act from 1931 to 1936. However, that act as amended by PA 1939, No 36, after the expiration of said original 5-year period, provided that the State highway commissioner and the several boards of county road commissioners should biennially "fix the total mileage of roads in each county of the State in actual use for

---

* PA 1931, No 130 (CL 1948, § 247.1 *et seq.* [Stat Ann § 9.141 *et seq.*]).

public travel at least 3 months each year and taken over by the board of county road commissioners as county roads" subsequent to 1931. We hold that the McNitt act, and the later amendments, refer to the taking over of *township* roads and do not authorize the county road commission to take private roads into the county public highway system as public highways. Nor would the proofs in this case justify any conclusion that public use of the roads here involved had automatically converted them from private to public roads under CL 1948, § 221.20 (Stat Ann § 9.21). See *Green* v. *Belitz,* 34 Mich 512; *Irving* v. *Ford,* 65 Mich 241; *Stickley* v. *Township of Sodus,* 131 Mich 510 (59 LRA 287). Hence, no particular importance can be attached to the action of the county road commission in certifying the roads in question to the State highway commissioner, for the obvious purpose of using them to increase the apportionment of State highway money allowed counties for county roads under said act. If the Dyer lake road was a private road of the plaintiff, its character could not have been changed to a public highway by said action of the county road commission. Under its title and the other provisions of the McNitt act and amendments thereto,* it applies only to the taking over of township roads.

(2) Considerable importance was attached in the trial court to a petition in 1947 or 1948 addressed to the county road commission and the township boards of Caldwell and Lake townships, indicating it was signed by 9 property owners (including directors of the plaintiff) and asking that 3 designated roads on plaintiff's property (including the Dyer lake road) be closed. No proceedings were had on the petition and it was never acted upon by the township boards or the county road commission. The reason for such

---

* The later repeal of said acts by PA 1951, No 51, has no bearing here.

inaction does not appear in the record. Defendants claim that it now estops the plaintiff from claiming these roads are private roads. Regardless of the probative value of the petition, it does not operate as an estoppel of the plaintiff's claim that the roads are private, or to change their character to public roads. It is logical to consider that the previous use of the roads by the public and the unsuccessful efforts of the plaintiff to prevent such claimed unauthorized use by fencing, posting signs, patrolling during the hunting season, had created a doubt as to whether the public had made such use of the roads as to change their character, and that the petitioners felt that this doubt might be definitely settled by action of the public authorities abandoning the roads. No action was taken, and the doubt remained. Apparently it still does.

(3) The roads in question had been used by the public. The county road commission and the State conservation commission occasionally did repair and maintenance work on the roads in question—mostly other than the Dyer lake road. No doubt these are elements to consider in determining whether the roads (and particularly the Dyer lake road) were private or public highways. Plaintiff had also worked to put the roads into condition for use, and repaired them when impassable.

The title to the roads, as well as that of the lakes and the rest of the land in the area in question, is in the plaintiff corporation. Originally a wild and rugged area, lumbering operations had ended there in about 1921. At that time, both before and after, many of the roads and trails in question here, including the Dyer lake road, have been used by the public. Whether by consent, or as trespassers, or as a matter of right, is in dispute. There was no dedication of the roads, grades and trails to the public, or acceptance by any public authority. In 1929 this

area had been acquired on land contracts by a private hunting and fishing club which had posted signs warning of the private ownership. The vendee company went broke. The acreage was crossed by trails, old lumber roads and railroad grades. In 1932 the plaintiff club acquired the property, brushed out the trails and made the grades and roads more usable, and built some new roads. Later, plaintiff fenced in its property, posted trespass signs, patrolled for fires and violators, built a lodge, stocked the private lakes, used fire-fighting and snowplow equipment, and kept the roads in usable condition. After the early days, the need for public use of the roads in the area largely ceased to exist when public roads were constructed and maintained around and outside plaintiff's property. The roads and trails within the property, with occasional aid from the outside highway authorities, were improved and maintained by the plaintiff. About 1937, and again in 1945–1947, the county did work toward their maintenance, partly because plaintiff was short of funds.

Plaintiff established at least a prima facie case to claim private ownership by proving title and possession. There are no public records to the contrary. There was no express dedication to public use by the plaintiff. The defendants claimed an implied dedication arising from public use. The defendants called witnesses to show that they had used the roads and trails for various purposes without objection by plaintiff. The testimony also shows that the plaintiff took means to exclude the public. No implication of dedication can arise in contravention of the facts. The use made by the public under these circumstances does not change the character of private roads to public highways.

"A mere permissive use of a private road by the general public, however long continued, will not make it a public highway.

"To constitute a highway by user under the statute (CL 1897, § 4061,* providing that all roads that have been used as such for 10 years or more shall be deemed public highways), such use must have been accompanied by some act on the part of the township authorities so open, notorious, and hostile as to be notice to the landowner that his title was denied." *Stickley* v. *Township of Sodus* (syllabi), *supra.*

"To constitute a common-law dedication of land for a highway, the owner of the land must set apart. for such purpose so much of the land as he intends to be appropriated therefor, and must give it over to the public with the intention that it be used as such, and there must be an acceptance thereof by the public.

"To constitute a highway by user, there must be a defined line, and it must be used and worked upon by the public authorities, and traveled over and used by the public, for 10 consecutive years, without interruption, and the possession thereof by the public must be open, notorious, and exclusive." *Alton* v. *Meeuwenberg* (syllabi), 108 Mich 629.

"The use required by the statute to make a way a public highway is one accompanied by some act on the part of the township authorities, open, notorious, and hostile to the private ownership, which gives the original owner notice that his title is denied." *Murphey* v. *Township of Lee* (syllabus), 239 Mich 551.

"Use alone by public of old logging road for many years after lumbering operations had ceased is insufficient to establish it as public highway by user, since, to establish it as such, there must also have been acceptance by public at least by taking over control and maintenance of some portion of alleged highway.

"That irregular way across plaintiff's land was means of passage between other roads, control of-

---

* Re-enacted as CL 1948, § 221.20 (Stat Ann § 9.21).—REPORTER.

which had been taken by township, will not suffice to establish acceptance of said irregular way and thus make of it public highway." *Snow* v. *Murphy* (syllabi), 248 Mich 659.

Decree set aside for entry of decree in this Court granting plaintiff the injunctive relief prayed for, with costs to appellant.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, SHARPE, and REID, JJ., concurred.