COTTON v. TOWNSHIP OF CASTLETON

1. HIGHWAYS—ROADWAY BY USER—REQUIREMENTS—STATUTES.

A roadway by user is established where the public has used the roadway and the appropriate governmental unit has exercised control over the road (MCLA § 221.20).

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur 2d, Highways, Streets and Bridges §§ 25–31, 52, 53.

2. Highways—Roadway by User—Control—Repairs.
  Repair work on a road 50 years before suit was filed did not
  constitute acts of dominion necessary for giving the governing
  authority ownership by right of user.

Appeal from Barry, Richard Robinson, J. Submitted Division 3 February 3, 1971, at Grand Rapids. (Docket No. 9033.) Decided March 24, 1971.

Complaint by Elgin A. and Vida L. Cotton and Edward R. and Dorothy Stalbaum against the Township of Castleton and the Barry County Road Commission for a declaration of the rights of the parties to a strip of land used as a roadway. Judgment for defendants. Plaintiffs appeal. Reversed.

*Cortright & Boddy,* for plaintiffs.

*Siegel & Hudson,* for defendants.

Before: Fitzgerald, P. J., and V. J. Brennan and T. M. Burns, JJ.

T. M. Burns, J. Plaintiffs appeal from an adverse judgment, entered January 30, 1970, declaring the rights of the respective parties to a strip of land 290 feet long. The strip of land was held to be a county road.

The strip of land in question is an extension of Cogswell Road in Barry County, the strip leading directly to the north shore of Thornapple Lake. No formal grant of the strip of land nor dedication for public highway purposes was ever made. There is no dispute over Cogswell Road except as to the final 290 feet ending at Thornapple Lake.

Cogswell Road does appear on a Barry County map, published in 1940, as a north-south road lead-

ing directly to the north shore of Thornapple Lake. However, testimony at the trial revealed that although some work had been done on the road at the township's direction sometime prior to 1936, neither the township nor the county had performed any maintenance on the strip of land for at least 50 years.

Since there was no formal dedication or grant of the strip of land to the public use, defendants' claim that the land constitutes a public road is based upon establishment of the roadway by user. The legislative standard for a roadway by user is found in MCLA § 221.20 (Stat Ann 1958 Rev § 9.21):

"All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for ten years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used eight years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be four rods in width, and where they are situated on section or quarter section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be two rods in width on each side of such lines."

Michigan case law has established the requirement that, not only must the public use the roadway, the appropriate governmental unit must also exercise control over the road:

" 'To constitute a highway by user, there must be a defined line, and it must be used and worked upon by the public authorities, and traveled over and used by the public, for 10 consecutive years, without

interruption, and the possession thereof by the public must be open, notorious, and exclusive.' *Alton* v. *Meeuwenberg* (syllabus) [1896], 108 Mich 629."[1]

In the instant case, the lower court found specifically that the strip of land had been used by the public for approximately 70 years, until 1963, when plaintiffs blocked it off and this dispute began. However, the only maintenance work carried out by the public authorities occurred 50 or more years previously:

"Between 50 and 70 years ago, the Township did maintenance work on a roadway in this area." (Trial court's opinion, page 2.)

Under the McNitt Act,[2] the county obtained jurisdiction over all township roads by April 7, 1936. However, there was no evidence that the county ever attempted to maintain the road until 1962 or 1963. Therefore, for over 25 years, the county while having jurisdiction over all township roads in Barry County, never attempted to take any action regarding the strip of land in question. It is our opinion that the total lack of acts of dominion by any public authority precludes the claim that the strip of land is a public roadway. The requirements of the statute setting the standard for establishing a roadway by user, as set forth in *Missaukee Lakes Land Company* v. *Missaukee County Road Commission* (1952), 333 Mich 372, are clear. There must be both public use and some acts of dominion by the public authority to establish a roadway by user. The few instances of repair by the township some 50 years before the instant dis-

---

[1] *Bain* v. *Fry* (1958), 352 Mich 299, 305.
[2] CL 1948, §§ 247.1–247.13 (Stat Ann 1958 Rev §§ 9.141–9.153). The statute was repealed by PA 1951, No 51, § 21. See now MCLA § 247.651 *et seq.* (Stat Ann 1958 Rev § 9.1097 *et seq.*).

pute arose are not sufficient acts of dominion to satisfy the statute as it has been interpreted by the Michigan Supreme Court.

Reversed, costs to plaintiffs.

All concurred.