MAGHIELSE v CRAWFORD COUNTY ROAD COMMISSION

1. HIGHWAYS—HIGHWAY BY USER—PERMISSIVE USE—REPAIRS.

   To establish a highway by user there must be open, notorious and hostile use of the road by the public such as would put the owner on notice that his title was being denied; permissive use of a private road by the general public, no matter how long continued, will not make it a public highway, and neither will infrequent and minor maintenance make a public highway of a private road.

2. HIGHWAYS—HIGHWAY BY USER—CONTROL—CERTIFICATION.

   A yearly trek over a road by a county road commission is not sufficient to create a public highway by user; neither can the mere certification of the road as a public highway to the State Highway Department affect its actual status.

Appeal from Crawford, Robert H. Campbell, J. Submitted Division 3 March 13, 1973, at Lansing. (Docket No. 10686.) Decided May 22, 1973. Leave to appeal denied, 390 Mich 796.

Complaint by John Maghielse and Ivan A. MacArthur against the Crawford County Road Commission for a permanent injunction to keep defendant from trespassing upon a trail road. Complaint dismissed. Plaintiffs appeal. Reversed and remanded.

*White, Newblatt & Grossman,* for plaintiffs.

*Charles H. Miltner,* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 1–3, 213–234.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

VAN VALKENBURG, J. The sole issue raised in this appeal is whether or not Sand Hill Road, located in Frederick Township, Crawford County, is a public highway. The trial court, after hearing the evidence and viewing the road, held that Sand Hill Road was a public highway, and therefore refused to issue the permanent injunction prohibiting defendant from trespassing as requested by plaintiffs. From this judgment dismissing their complaint, plaintiffs appeal.

The trial court found that the road in question runs northerly across plaintiffs' property as it follows along the western bank of the AuSable River. The road for the most part is composed of nothing more than rutted tracks as it traverses the 4-1/2 miles of plaintiffs' land, which the trial court described as "wild land". There are gates across the road at both the northern and southern boundaries of the property, and at least two gates across the road in between the northern and southern gates. The north and south gates dated from the 1930's and the other gates were at least 20 years old. The gates were usually closed, although not usually locked. The trial court found that neither defendant, nor the township before it, maintained the road, with the exception of one or two isolated instances. The only acts of defendant with respect to the road were to travel over it once a year by one of its members so that defendant could certify that the road was part of the county road system and to thereafter certify to the State Highway Department that it was part of the county road system.

After finding the above summarized facts, the trial court delineated what it felt was the question before it in the following manner:

"As the court sees it the issue in this case is whether records kept by the Crawford County Road Commission showing certification of said road to the State Highway Department and driving the road at least once a year by either the Superintendent or a member of the road commission, thereby satisfying themselves that the road was passable and certifying on their records that it was a part of the county road system for which they received state aid even though there was no actual expenditure of funds in maintaining said road, except possibly for an isolated incident, is sufficient compliance with the law so that the court should classify this four and one-half miles of trail road as a public road."

The court thereafter determined that these acts were sufficient to constitute the maintenance of a public road. We disagree.

It should be noted that there was no evidence of a formal dedication of Sand Hill Road as a public highway. The question thus becomes whether there was an implied dedication by reason of use. Defendant claimed that prior to 1935 Sand Hill Road was a township road, and in 1935 it was taken into the county road system. Because the township records had been burned or lost, defendant attempted to establish the status of the road prior to 1935 by way of oral testimony. The testimony given established, at most, that the "road" (or more accurately "primitive trail") was used only sparingly and for special purposes by permission.

To establish a highway by user there must be open, notorious and hostile use of the road by the public such as would put the owner on notice that his title was being denied. Permissive use of a private road, by the general public, no matter how long continued, will not make it a public highway. Neither will infrequent and minor maintenance make a public highway of a private road. *Stickley.*

*v Sodus Twp,* 131 Mich 510 (1902); *Missaukee Lakes Land Co v Missaukee Road Commission,* 333 Mich 372 (1952); *Smith v Auditor General,* 380 Mich 94 (1968); *Cotton v Castleton Twp,* 31 Mich App 620 (1971); *Village of Bellaire v Pankop,* 37 Mich App 50 (1971).

Clearly, there was not sufficient evidence to support a finding that the road had become a highway by user during the time it was ostensibly under township control. Thus, it is obvious that the defendant road commission's reliance on the McNitt Act[1] is misplaced. *Missaukee, supra; Pulleyblank v Mason County Road Commission,* 350 Mich 223 (1957).

Defendant argues that the fact that it went over the road once a year and certified the road to the State Highway Department as part of the county road system is sufficient to make this road or trail a public highway. Clearly, a yearly trek over the road is not sufficient to create a highway by user. Neither can the mere certification of the road as a public highway affect the actual status. If such a "boot-strap" method were effective to create a highway, condemnation would be obsolete. Were this Court to adopt the standard proposed by defendant, every former wagon or Indian trail and every lane, path, right-of-way or road created by farmers and other owners could be taken at the mere whim of a county road commission without due process of law. Such a position is neither logically sound nor constitutionally possible. Const 1963, art 10, § 2.

Reversed and remanded for entry of judgment as prayed for in plaintiffs' complaint. No costs, a public question being involved.

All concurred.

---

[1] 1931 PA 130, repealed by 1951 PA 51.