KELLER v LOCKE

1. APPEAL AND ERROR—TRIER OF FACT—FINDINGS OF FACT.
   The Court of Appeals will not substitute its judgment for that of the trier of fact on questions of fact unless the facts clearly preponderate in a different direction.

2. HIGHWAYS—ESTABLISHMENT BY USER—CONTROL BY PUBLIC AUTHORITY.
   A city's use of a road in performance of a duty to haul dirt is not the type of control by public authority necessary to establish a highway by user (MCLA 221.20).

3. HIGHWAYS—MAINTENANCE—REPAIRS—PUBLIC ROAD.
   Infrequent maintenance and repair of a road by a county does not make the road a public road.

4. HIGHWAYS—ESTABLISHMENT BY USER—PUBLIC USE.
   Public use of a roadway must be open, notorious and exclusive before a highway by user may be established (MCLA 221.20).

Appeal from Isabella, Robert H. Campbell, J. Submitted June 4, 1975, at Grand Rapids. (Docket No. 20474.) Decided July 22, 1975.

Complaint by Adelbert Keller and Helen Keller against Raymond F. Locke, Alexis Locke, and Fern Doan to enjoin defendants from using a roadway lying on plaintiffs' land. Judgment for plaintiffs. Defendants appeal. Affirmed.

*David E. Burrows,* for plaintiffs.

*Lynch, Gallagher & Lynch,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 820 *et seq.*
[2–4] 39 Am Jur 2d, Highways, Streets, and Bridges § 64 *et seq.*

Before: McGregor, P. J., and D. E. Holbrook and N. J. Kaufman, JJ.

McGregor, P. J. At issue is a dispute over whether the defendants have a right to use a roadway which allegedly lies entirely on land belonging to plaintiffs. The trial court ruled that the roadway was a private road and enjoined the defendants from travelling over the disputed portion. Defendants appeal as of right and raise two issues for review.

First, defendants contend that the roadway has become a public highway by virtue of public user for over 10 years, pursuant to MCLA 221.20; MSA 9.21.

At trial, it was determined that the roadway had not acquired the characteristics of a public highway. As trier of the facts, a trial judge has wide discretion in his determination of the facts. This Court will not substitute its judgment on questions of fact unless the facts clearly preponderate in a different direction. *Roebuck v Mecosta County Road Commission,* 59 Mich App 128; 229 NW2d 343 (1975), *Jaroske v Hurford,* 373 Mich 437, 441; 129 NW2d 891 (1964).

After careful study of the record, this Court finds that the use of the road in question by the City of Clare in its duties of hauling out fill dirt did not constitute the type of control necessary by public authorities in order to establish a highway by user under the statute. *Cotton v Township of Castleton,* 31 Mich App 620, 622–623; 188 NW2d 39 (1971). In fact, the City of Clare had erected a cable across the road in order to prevent public travel.

In addition, the infrequent maintenance and repairs by the county did not make it a public

road. *Maghielse v Crawford County Road Commission,* 47 Mich App 96, 98; 209 NW2d 330 (1973).

Further, it is required that public use of a roadway be open, notorious and exclusive. *Indian Club v Lake County Road Commissioners,* 370 Mich 87, 89; 120 NW2d 823 (1963). Proofs presented by defendants do not meet such requirements.

Defendants also contend that they acquired a prescriptive easement over the road through their personal use of it during the statutory period. Careful perusal of the record leads us to agree with the trial judge in his determination that such use was permissive and not adverse. *Roebuck v Mecosta County Road Commission, supra.*

Affirmed.