Lee CARR, Appellant (Defendant below),

v.

Glenn HOPKIN and Helen Hopkin, Appellees (Plaintiffs below).

No. 4596.

Supreme Court of Wyoming.

Nov. 17, 1976.

**222**

Gary P. Hartman, Basin, for appellant.

Robert A. Gish of Zaring & Gish, Basin, for appellees.

Before GUTHRIE, C. J., and Mc-CLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

Appellant prosecutes this appeal from an adverse judgment entered against him in district court which held him guilty of trespass upon appellees' lands and awarded judgment against him in the sum of $210.

All parties to this appeal owned property in an area known as Mecklem Acres Addition adjoining the Town of Basin, Wyoming. Appellant had remodeled a house in this area and because of trouble with the then existing waterline it appeared to be desirable that he cross certain lands enclosed and claimed by appellees. In some manner it came to appellant's attention that there was in existence an unofficial and unrecorded plat available in the county clerk's office which showed that this area had been platted, that the area of Cheyenne Street was within appellees' enclosure, and that by going down the center of Cheyenne Street appellant could lay a line to the place where the town had given its permission to tap. He requested permission from the town to lay the pipeline down this so-called street, but it would not grant permission.

Appellant then employed a surveyor, who staked a line down the middle of Cheyenne Street as it appeared on the plat, and without any notice or without asking or securing any permission from appellees he took down the fence and commenced the digging of the ditch and laying of line. Appellees notified appellant to cease these operations and instituted a suit charging trespass, and sought an injunction to prohibit further trespasses. Appellees claimed the title to these lands by virtue of adverse possession. By his answer and throughout this entire proceeding appellant has relied upon the claim that the ditch which was dug and the pipeline which was attempted to be installed were within the area of Cheyenne Street, which plaintiffs had wrongfully enclosed because that street was

the property of the Town of Basin or held in trust by it for the use of the public as a result of a common-law dedication to the town.

The area in dispute was enclosed by a fence in 1946 by appellees' predecessors in interest and has never, insofar as the evidence reveals, been used as a street or road either prior to its fencing or after that period and with no apparent assertion of any right to use this as a street by any person until appellant's activities in March 1974. It may be observed at this point that there is no claim or any assertion of a right-of-way by necessity for ingress or egress upon the part of the appellant, and it appears he does have an access road available to him. Nor is any claim asserted that appellant purchased these lands in reliance upon the so-called plat.

In 1958 Thane Baldwin, then county surveyor, delivered to the county clerk a plat of Mecklem Acres Addition, which had never been recorded and which he apparently found in his office. This has apparently been relied upon by the county assessor in making his assessments; and some persons in describing land which was conveyed in this area relied thereon, although this was not a universal practice, and others described land in this area not by lot number but by metes and bounds.

█ The record in this case is not clear as to the ownership of these lands on March 30, 1923, the purported date of the plat, although a certificate of purchase issued by the county treasurer on July 17, 1926, for delinquent taxes would indicate that these lands were assessed to Basin Land Company, which by deed acquired all of the lands lying within this addition from George T. Mecklem, the patentee; and insofar as this record reveals Basin Land Company did not convey these lands in question by lot description to any person. The inception, of the appellees' title rests not in this company but in a tax deed by the county to North Side Markets, Inc., which thereafter, in 1945, conveyed these

lands to Chapman, appellees' predecessor in title. Appellant's brief lists three allegations of error:

1. The Court erred in granting the Town of Basin's Motion for Summary Judgment.

2. The Court erred as a matter of law when it failed to find that there had been a common-law dedication of the Mecklem Acres Addition to the Town of Basin.

3. Damages awarded were too speculative and excessive.

The record clearly reveals no appeal from a summary judgment entered in favor of the Town of Basin on April 18, 1975. The only judgment from which any appeal was prosecuted as described in the notice of appeal filed August 15, 1975, is the judgment dated July 18, 1975, to which the Town of Basin was not a party. The Town of Basin is not mentioned in the caption of this notice of appeal. The notice was not served upon the town or its attorney; nor was any service of briefs made upon the town. The time for filing any such notice has long since expired. It is mandatory that notices of appeal be filed within 30 days of the entry of judgment, *Bowman v. Worland School District,* Wyo., 531 P.2d 889, 891. Further, the failure to serve briefs upon the Town of Basin would make an appeal subject to dismissal under Rule 12(j) of the Rules of the Wyoming Supreme Court. Appellant, therefore, must be held to have acquiesced in the summary judgment by not pursuing any appeal therefrom and it is res judicata insofar as appellant and the town are concerned, *In re Kokesh's Estate,* Wyo., 360 P.2d 368, 371.

██ In beginning consideration of appellant's second asserted claim, there is one rule which proves decisive in our disposal. This court noted in *Graff v. City of Casper,* 73 Wyo. 486, 281 P.2d 685, 690, 52 A. L.R.2d 254, that the party asserting a right under a claim of dedication has the burden of proof; *Littlefield v. Hubbard,* 124 Me.

299, 128 A.2d 285, 287, 38 A.L.R. 1306; *Borough of Stockton, Hunterdon County v. Frabizio,* 130 N.J.L. 12, 31 A.2d 43, 44. This involves proof of every necessary or material element, *Cannon v. Putnam County,* Fla., 75 So.2d 577, 579; *Karb v. City of Bellingham,* 61 Wash.2d 214, 377 P.2d 984, 986; 26 C.J.S. Dedication § 44, p. 489, n. 64.5. In his brief appellant recognizes two necessary elements to establish a common-law dedication when he says that it "may be dedicated in the common-law manner by the showing of an intent to dedicate and an acceptance." There must be intent of the owner to devote the property to a public use, which must be clearly and unequivocally shown and must never be presumed, *Simmons v. Perkins,* 63 Idaho 136, 118 P. 2d 740, 744; *Laug v. Ottawa County Road Commission,* 37 Mich.App. 757, 195 N.W.2d 336, 338; *Security & Investment Co. of Oregon City v. Oregon City,* 161 Or. 421, 90 P.2d 467, 472; 26 C.J.S. Dedication § 11, pp. 415–417; 23 Am.Jur.2d, Dedication, § 79, pp. 65–66; and there must be an acceptance, *Prudential Trust Co. v. City of Laramie,* Wyo., 492 P.2d 971, 973; 26 C.J. S. Dedication § 34, pp. 459–462; 23 Am. Jur.2d, Dedication, § 42, p. 38. Cf. *Nixon v. Edwards,* 72 Wyo. 274, 264 P.2d 287, 294; and *George W. Condon Co. v. Board of County Com'rs of Natrona County,* 56 Wyo. 38, 103 P.2d 401, 406–407. This last requirement is most important to protect municipalities from having someone impose upon them the responsibility for maintenance and repair of streets or highways, *Steadman v. Town of Pinetops,* 251 N.C. 509, 112 S.E.2d 102, 107; *Mathis v. Thunderbird Village, Inc.,* 236 Or. 425, 389 P.2d 343, 350; 26 C.J.S. Dedication § 34, p. 462.

We have recognized the importance of plats being in conformity with other areas, *Prudential Trust Co. v. City of Laramie,* supra, at 974. A careful examination of the plat upon which this entire claim is based shows that in addition to its never having been filed, it was handed to the county clerk without explanation some 35 years after its date by Thane Baldwin.

The record contains no explanation of where he found it, when he found it, or why he had it. Notably the plat contains no certificate of any kind by any owner or anyone claiming any right thereto; and although the name of Leland S. Inscho, civil engineer, appears thereon, there was no indication whether he drew this representing the owners, whether it was a suggestion he had submitted to the owners, or at whose behest this was drawn. From the record of tax deed proceedings which appears in this record, Basin Land Company was the apparent landowner at that time. Absent any connection shown between that company and this engineer's plat, or for what purpose it was prepared, we find it hard to attribute this plat to the Basin Land Company; nor is there any inference that this alone reflects any clear intention to make such a dedication on the part of the then landowner. The very failure to file this plat, if it was satisfactorily established to have been the act of the Basin Land Company, may also support an inference that it was not the intention of the company to make such dedication.

The second necessary element, that of acceptance by the town, is equally unproven. Appellant makes reliance upon the fact that taxes had been assessed upon the entire Mecklem Addition on the theory that it was within the corporate boundaries. He further attempts to attach some importance to the fact that a one-time mayor lived in this area, but there is no suggestion in this record that the town had ever recognized the platting of this street or accepted any responsibility therefor and it has not graded it, improved it, or in any manner recognized it as a street, evidenced lastly by its refusal to grant permission to cross these lands because of the uncertainty as to its authority. The record clearly and affirmatively shows that this so-called street has never—at least since 1946—been open to public use; nor is there any evidence that it had ever been used prior to that time as such road. The evidence is clear that it had been enclosed and claimed

by appellees and their predecessors since 1945. The case of *Graff v. City of Casper,* supra, emphasizes the importance of use and improvement by the city. In that case the portion of the claimed street which had not been used for a long period was held not to have been dedicated to the public use. Appellant cites us to certain authority which he contends holds that where there has been platting into blocks and lots where streets and alleys are shown, and where sales are made in regard to that plat, the streets and alleys are irrevocably dedicated.

██ An examination reveals that two of the authorities cited recognized the necessary element of acceptance and inferred such acceptance from the acts and activities of the governing body. The factual situation in the third case, being *Highland Realty Co. v. Avondale Land Co.,* 174 Ala. 326, 56 So. 716, is clearly inapplicable. In the instant case there is clearly no acceptance by the public by virtue of use, and the appellant herein has not claimed the right to use this as a street but merely to lay a waterline solely by virtue of the claimed dedication to the Town of Basin. The only evidence from which any inference of acceptance by the town might arise is from the inclusion of this subdivision on the city tax rolls by the county assessor, and the fact that a mayor at one time resided therein. Appellant cites no authority that these standing alone might constitute an acceptance of this street so we must infer he found none, *Nation v. State ex rel. Fire Fighters Local 279 I. A. F. F.,* Wyo., 518 P.2d 931, 933. It may be observed in passing that a county tax assessor would certainly have no authority to accept these streets as a dedication on behalf of the Town of Basin, *Bain v. Fry,* 352 Mich.

299, 89 N.W.2d 485, 489. Although not directly in point, the cases of *Brookdale Park Homes, Inc., v. Township of Bridgewater,* 115 N.J.Super. 489, 280 A.2d 227, 234; *Sauchelli v. Fata,* 306 N.Y. 123, 116 N.E.2d 75, 77; and *Hunt v. Oakwood Hills Civic Association, Inc.,* 19 Wis.2d 113, 119 N.W.2d 466, 469, are most persuasive because of their holdings that an omission from the tax rolls and the failure to tax the lands claimed to have been dedicated are not conclusive of an acceptance by the authorities. We find nothing in this record upon which it was possible to base a finding of an intention to dedicate this land by the owner as a street for public use, nor any evidence from which we can find an acceptance of such street by the public or by the town; and the adverse finding by the trial court reflects this view. These two elements of intention to dedicate and acceptance must necessarily be, and are, questions of fact which have been resolved by the trial court, with which we cannot interfere, *Roberts Construction Company v. Vondriska,* Wyo., 547 P.2d 1171, 1179.

██ Appellant's third claim, which is based solely upon the contention that there was no evidence to sustain any finding of damage to the land, is properly reflective of the record. However, this contention and argument blithely ignore the fact there was testimony of special damages arising from the loss of grazing for his livestock and the necessity of performing certain work and making certain repairs upon this land by virtue of appellant's activities; and the testimony as to the value of these items sustains the $210 damages allowed.

The judgment is affirmed.