HALL'S POINT PROPERTY OWNERS ASSOCIATION, Respondent, vs. ZINDA and wife, Appellants.

*May 17—June 15, 1945.*

The cause was submitted for the appellants on the brief of *J. Elmer Lehr* of Milwaukee, and for the respondent on the brief of *Ruzicka & Fulton* of Burlington.

FRITZ, J.    For the consideration of the issues raised herein it suffices to note the following facts which are admitted by

defendants' demurrer to the complaint. Plaintiff, Hall's Point Property Owners Association, is a nonprofit membership corporation, organized and chartered in 1935 under and for the purposes provided in sec. 289.70, Stats., which was enacted in that year. Thereafter, on February 16, 1937, the defendant, Frank J. Zinda, acquired by a deed from the First National Bank & Trust Company of Racine,—which as trustee was then the owner of the land in Hall's Point Villas subdivision,—a tract of land designated as No. 134, on the unrecorded plat of that subdivision; and in the deed there was also the following provision:

"Together with an easement of use, in common with other grantees of party of the first part of tracts of land out of said government lot 3 and subject to such reasonable regulations as may from time to time be imposed by grantor or its successors in title and ownership, of all such parts thereof as may be designated as 'outlots,' 'playgrounds,' 'parks' or 'community beach,' upon an unrecorded map or survey of said government lot 3, made for the party of the first part, and designated as 'Hall's Point Villas;' also together with an easement or right of way from the above-described tract of land over said outlots and a private road known as Hall's road, in a northerly direction to the public highway. . . . "

On December 15, 1941, the same trustee, as such owner, deeded to the plaintiff corporation all those parts or parcels designated in the unrecorded plat of Hall's Point Villas subdivision as—

"Community Beach, Glacier Lakes, Big Spring Outlet, Service Detour, Knoll Crest Drive, Lawn Forest Drive, Hi-View Court, Lake Shore Drive, Poplar Drive and all other drives, including bridges, also outlots and community property designated upon said unrecorded plat, together with . . . the right of reasonable regulation of the use of the property hereby conveyed reserved in said deeds, and subject always to any and all easements of use heretofore granted by the grantor to any persons whatsoever in and to the premises hereby conveyed. . . . "

Membership in the plaintiff corporation is open to all owners of any tracts in the Hall's Point Villas subdivision. At a regular meeting of the members of that corporation for the year 1942, of which meeting the members had notice, there was adopted by a majority thereof an annual budget for the ensuing year, which included the expenses of maintaining the necessary organization of the corporation. Following said meeting its board of directors on August 4, 1942, levied a maintenance assessment of $4.18 against all of the lots (including the defendants') the ownership of which entitles the owners thereof to the use and enjoyment of the facilities and properties described in the above-stated deeds; and that assessment was equal in amount against each lot, and did not exceed five mills on each dollar of assessed valuation thereof. The board of directors declared the assessments due and payable after thirty days from the date of the levy, and plaintiff's secretary notified by mail the owner of each of said lots of the amount of the assessment thereon, and the action of said board and the due date of such assessment; and plaintiff, within the time and in the manner prescribed in subs. (4) and (5) of sec. 289.70, Stats., caused its written claim for a maintenance lien to be filed with the clerk of the circuit court for Racine county. The assessment against defendants' lot has not been paid.

In support of their demurrer on the ground that the facts alleged in the complaint are insufficient to constitute a cause of action, defendants contend that the plaintiff's right of recovery under sec. 289.70, Stats., is limited to members of the plaintiff association; and that sec. 289.70, Stats., is void and unconstitutional as applying to defendants. They claim that sec. 289.70, Stats., is applicable to only members of the plaintiff association because it is a private corporation, formed for the benefit of its members; and that as under sub. (1) thereof its authorized corporate purpose is the "maintaining, improving, policing or preserving properties in which its members shall have common rights of usage and enjoy-

ment, including" (so far as material herein) "roads, paths, highways," etc., it would seem that the power granted the association to levy assessments and have a maintenance lien therefor is limited to such assessments and liens upon properties of its members, and that the statute does not authorize such an assessment or lien as to such property owners as the defendants, who are not members of the plaintiff association, and between whom and the association there is no contractual relation.

Defendants' contentions cannot be sustained. Although, in stating the authorized purpose of a corporation organized under sec. 289.70, the provision in sub. (1) thereof reads: " . . . for the purpose of maintaining, improving, policing or preserving properties in which its members shall have common rights of usage and enjoyment;" and although, in connection with stating the powers of such a corporation, it is provided in that subsection that it "shall have the power to prepare and annually submit to its membership a budget of the expenditures which it proposes to make for the ensuing year," the power which is granted in connection therewith in relation to the assessment, that the governing board of such corporation is authorized to levy in order to provide funds for the payment of such expenditures, is not limited to making an assessment and levy against solely the lots or land owned by members of the corporation. On the contrary, under the following provisions in sub. (2) of sec. 289.70, the levy of such an assessment is clearly authorized to be made by the corporation's governing board against all lots "the ownership of which entitles the owner thereof to the use and enjoyment of the properties controlled by such corporation," to wit:

"Upon the adoption and approval of the annual budget by a majority of the membership, at a regular meeting or adjournment thereof, the governing board of such corporation shall be empowered to levy an assessment not in excess of five

mills on each dollar of assessed valuation to be known as a maintenance assessment against all of the lots, the ownership of which entitles the owner thereof to the use and enjoyment of the properties controlled by such corporation."

As these provisions were enacted and in effect since 1935, they have been applicable to the tract of land deeded to Zinda in 1937, in so far as there was thereby granted to him as an appurtenance thereto, an "easement of use, in common with other grantees of party of the first part of tracts of land out of said government lot 3 and subject to such reasonable regulations as may from time to time be imposed by grantor or its successors in title and ownership, of all such parts thereof as may be designated as 'outlots,' 'playgrounds,' 'parks' or 'community beach,' upon an unrecorded map or survey . . . designated as 'Hall's Point Villas;' also together with an easement or right of way from the above-described tract of land over said outlots and a private road known as Hall's road," etc.

As stated in the trial court's written opinion,—

"Here the defendant, Frank J. Zinda, accepted a deed wherein there was conveyed to him in addition to the lot the right of way and easements above mentioned. The statute in question was in force at the time of the acceptance and recording of deed. The continued enjoyment of the right of way and easements so conveyed to the defendant, Frank J. Zinda, and all other lot owners in the subdivision to whom like rights had been conveyed, necessitated the preservation of the title to the land occupied by the parks, beaches, rights of way, etc., by the payment of taxes thereon and by the maintenance thereof. . . . The defendant in accepting and recording the deed impliedly consented that the statute in question should be applicable to his lot and that his lot should be subject to the assessments, if any, made pursuant to the statute and that by implication the statute became a part and parcel of his conveyance and that the defendant should not now be heard to say the contrary. The court is, therefore, of the opinion that the statute does not violate the constitu-

tion in the respects claimed by the defendants and accordingly the demurrer is overruled."

Moreover, under the above-quoted provision in the deed to Zinda his "easement of use, in common with other grantees of the party of the first part of tracts of land" in the Hall's Point Villas subdivision is "subject to such reasonable regulations as may from time to time be imposed by" his grantor or its successors in title or ownership of the drives, outlots, etc., in that subdivision; and by the deed from Zinda's grantor to plaintiff it, as the grantor's successor in title and ownership of those drives, etc., acquired also the grantor's "right of reasonable regulation of the use of the property hereby conveyed reserved in said deeds." Consequently by reason of the contractual relationship and privity which existed between Zinda and his grantor and by reason of the title and rights of ownership of the drives, etc., and right of reasonable regulations of the use thereof acquired by plaintiff under its deed from that grantor, Zinda's easement of use of the drives and right of way is subject to regulations, including reasonable assessments imposed by plaintiff for the necessary maintenance of the drives and right of way.

As the expenditures, for the payment of which the assessment was levied against Zinda's tract, went to improve property which he was entitled to use and enjoy as appurtenances to his tract, and its value was thereby enhanced, sec. 289.70, Stats., is not unconstitutional in so far as it empowers the corporation operating thereunder to levy the assessment in question "against all of the lots, the ownership of which entitles the owner thereof to the use and enjoyment of the properties controlled by such corporation." Sec. 289.70 (2), Stats. Enhancement of the value of property by improvements may constitute sufficient basis for legislation providing for a lien for sums expended therefor. As this court said in

*Mallory v. La Crosse Abattoir Co.* 80 Wis. 170, 175, 49 N. W. 1071,—

"The theory of the law giving to laborers and materialmen specific liens upon the property upon which their labor was performed or their materials used, seems to be that, because the value of such property has been enhanced thereby, it is just that the property should be specifically charged with the sums expended thereon for those purposes. The reason of the law extends to expenditures on the property by subcontractors as well as by those who contract directly with the owner. The only difference is that in the latter case individual liability of the owner is added."

An assessment levied under sub. (2) of sec. 289.70, Stats., is not the levy of a tax; nor do the assessment and subsequent proceedings by filing a maintenance lien and maintaining an action of foreclosure, under subs. (4), (5), and (6), deprive the defendants of due process of law or constitute the taking of their property without compensation. As prescribed in sub. (3) of the statute the secretary of the plaintiff duly notified by mail the owner of each of the lots of the amount of the assessment thereon, of the action of its board, and of the due date of such assessment. Under sub. (2) the lot owners are afforded ample opportunity to be heard and oppose approval of the budget of its proposed expenditures for the ensuing year, which plaintiff is required to prepare and annually submit to its membership in order to be authorized, upon the adoption and approval thereof by a majority of the members, to make the assessment and levy. But in order to be eligible to act under sec. 289.70, Stats., an association must be, as the plaintiff is, a "corporation organized under the laws of this state as a nonprofit, membership corporation" for the particular purposes stated in sub. (1) thereof. Membership in the plaintiff corporation was available to Zinda upon the same terms as it was to all other owners of

property in the Hall's Point Villas subdivision, and would have enabled him to participate in the meeting of the members which was held for the adoption and approval of the budget of the expenditures on which assessment in question was based. If Zinda failed to so participate, the adoption of the budget in his absence and the subsequent assessment and levy pursuant thereto are no more discriminatory or unjust as to him than in the situation of a citizen or taxpayer who, after failing to exercise his privileges in relation to an assessment, complains of the injustice of an assessment or levy for taxes.

*By the Court.*—Order affirmed.