Hunt and others, Respondents, v. Oakwood Hills Civic Association, Inc., Appellant.

*January 10—February 5, 1963.*

114

116

For the appellant there were briefs by *Ruzicka, Fulton & Lloyd* of Burlington, and oral argument by *Patrick M. Lloyd* and *Robert Fulton.*

For the respondents there was a brief by *La France, Thompson, Greenquist, Evans & Dye* of Racine, and oral argument by *Kenneth L. Greenquist.*

HALLOWS, J. Plaintiffs contend the land designated a "Community Beach" was dedicated to the public and no foundation existed for any lien for its maintenance by the defendant. While in the deeds to the lot owners the manner of granting a common right to use the community beach is not a modern model to be followed, the deeds do not express an intention to dedicate the beach to the public either by associating "community beach" with "public way" in the same sentence of the deeds or by the use of the word "community" as distinguished from "private;" rather, the intention expressed was to reserve a common use for the lot owners although such reservation is unnecessary for a public street since the plat was recorded. The word "community" was not intended to mean "public."

We cannot agree the recording of the plat constituted a dedication of the beach to the public. In 1949 the recording of the plat by operation of law was a dedication of those areas marked thereon as dedicated, donated, or granted to the public or others. Sec. 236.12, Stats. 1945. Other sections of ch. 236, Stats., which must be construed with this section, prescribe the details of the markings and the manner in which the intention of the owner is to be expressed in the plat. By

sec. 236.04 (10), Stats. 1945, all parks, playgrounds, breathing spots, and other lands dedicated to public use are required to be clearly marked on the plat "dedicated to the public for use as . . ." The words "Community Beach" alone do not meet literally or substantially the requirement of a clear designation of dedication to the public required by this section. The section creates a presumption in favor of non-dedication to the public while quite the contrary presumption exists in respect to roads and streets under sec. 236.04 (9), which provides all roads or streets shown on the plat which are not dedicated to public use shall be clearly marked thereon "private" road, street, or way. The land in issue is not a private road but a beach and is within the meaning of sec. 236.04 (10) of a breathing, if not a bathing, spot.

Claim is made of a common-law dedication of the beach and an acceptance by the town authorities or by public user. Common-law dedication requires an intention to dedicate expressed in some form, which we do not find in these facts, and an acceptance of the dedication by the proper public authorities, or by general public user. *Knox v. Roehl* (1913), 153 Wis. 239, 140 N. W. 1121. From the recording of the plat to the commencement of this suit, nothing was done by the town to formally accept the unimproved beach area or to improve it, or for that matter the unimproved area designated a "Public Way." No claim is made of general public user. The area comprising the beach and the public way was, it is true, removed from the tax roll, but such removal does not constitute an acceptance or fulfil the requirements of public use. Likewise, the placing of signs and the clearing of brush on the public way and the dumping of sand offshore from the beach after the commencement of this suit do not constitute an acceptance of the beach. *Galewski v. Noe* (1954), 266 Wis. 7, 62 N. W. (2d) 703. At most, only the placing of sand offshore has any direct reference to the beach and this falls short of a long course of public conduct. See *Smith*

*v. Beloit* (1904), 122 Wis. 396, 100 N. W. 877. The trial court was correct in declaring the "Community Beach" was not public property.

The defendant contends sec. 289.70, Stats., authorizes assessments for the maintenance and improvement of land acquired subsequent to the platting of the subdivision. This section authorizes a corporation such as the defendant to levy maintenance assessments against all the lots, the ownership of which entitles the owner thereof to the use and enjoyment of the properties controlled by such corporation with certain limitations and requirements. Apparently the section does not require the corporation to own the property but only to control it. The defendant does not own the beach but it does lots 9, 10, and 11. The essential requirement of the statute to authorize a maintenance assessment and lien against a lot is that such lot has as an appurtenance the common right of usage and enjoyment in the property controlled by the corporation. No requirement exists that such property be designated on the plat or that it cannot be additional property to that originally controlled through ownership or otherwise by the defendant. However, we cannot construe the statute to mean the defendant may acquire property and confer on lot owners against their consent common rights of usage in other property and thereby lay a foundation for a maintenance assessment and a lien. In *Hall's Point Property Owners Asso. v. Zinda* (1945), 247 Wis. 280, 19 N. W. (2d) 251, this court sustained a levy of a maintenance assessment against property within the subdivision owned by nonmembers of the corporation. The court reasoned such nonowner members by accepting their deeds, granting the common right of user in the property in the light of sec. 289.70, accepted the common right of user to which sec. 289.70 applied. There is no merit to the defendant's theory that under this section it can force an unwanted easement or common right of user upon lot owners. The common right of user must find its

roots partly in the consent of the owner of the land to which the common right is an appurtenance.

The conveyance of lots 9, 10, and 11 by Green to the defendant subsequent to the purchase of lots by some of the plaintiffs lacks the element of consent or acceptance by those plaintiffs. True, sec. 289.70, Stats., allows a corporation such as the defendant to improve the property in which it has a common right of usage and enjoyment but the conveyance of lots 9, 10, and 11 as a public beach and for recreational purposes is not an improvement of the community beach within the meaning of the statute. It might be considered an extension even though the lots do not touch the shore of the lake and a public way separates the lots from the community beach, but it is not an improvement thereof. In accepting the deeds to their lots prior to the gratuitous acquirement of lots 9, 10, and 11 by the defendant, the lot owners did not take with any notice that the defendant could subsequently acquire property for their common usage. Since neither the deeds nor the statute allows the defendant to confer upon the lot owners unilaterally a common right of user in the after-acquired property, the basis for such common right must be found in the acceptance of the lot owners. No such acceptance was shown. The trial court correctly held the lot owners who acquired their title to the lots in the subdivision prior to the acquisition by the defendant of lots 9, 10, and 11 were not liable for maintenance assessments for this property. The same can be said for the lot owners purchasing lots after defendant acquired lots 9, 10, and 11 unless, as the court correctly declared, the defendant could show such persons knew of the addition of said lots 9, 10, and 11 and had accepted the benefits of such lots.

The plaintiffs challenge the constitutionality of sec. 289.70, Stats., if it is construed to permit the creation of liens against lots of nonmembers of the defendant. This argument as an original proposition is interesting because sec. 289.70 (1)

refers to a corporation whose purpose is to maintain properties in which its members shall have common rights of usage and enjoyment, and sub. (2) allows a maintenance assessment and sub. (4) a lien to be made against all lots, the ownership of which entitles the owner to the use and enjoyment of the property controlled by the defendant. This contention was considered and rejected in the *Hall's Point Case* when the constitutionality of the section was upheld. That case is controlling here.

*By the Court.*—Judgment affirmed.