LAKE COMO BEACH PROPERTY OWNERS ASSOCIATION, Appellant, v. GIOVANNONI and wife, Respondents.

*January 5—February 2, 1965.*

For the appellant there was a brief and oral argument by *John Morrissy* of Lake Geneva.

For the respondents there was a brief and oral argument by *William H. Freytag* of Elkhorn.

A brief *amicus curiae* was filed by *Irving W. Zirbel,* attorney, and *Porter, Quale & Zirbel* of counsel, all of Milwaukee, for the Federation of Wisconsin Lake Property Owners Associations, Inc.

FAIRCHILD, J.   Corporations like plaintiff are given certain powers by sec. 289.70, Stats. Sub. (2) provides:

"Upon the adoption and approval of the annual budget by a majority of the membership . . . the governing board of such corporation shall be empowered to levy an assessment not in excess of 8 mills on each dollar of assessed valuation to be known as a maintenance assessment against all of the lots, the ownership of which entitles the owner thereof to the use and enjoyment of the properties controlled by such corporation. . . . The assessments so levied shall be equal in amount against all of such lots and shall be levied at the same time once in each year, upon all lots. The governing board shall apportion the cost of operating water or sewer plants and facilities thereof and separate such costs from the other ex-

penses of the budget and shall include the expenses of water and sewer plant maintenance only in the levy against those lots which may be improved with a dwelling house on the date when the levy is ordered, and no portion of such cost shall be assessed against the vacant lots or the owners thereof."

The statute under consideration provides, in part: "The assessments so levied shall be equal in amount against all of such lots. . . ." It goes on to provide that expenses of water and sewer maintenance shall be included only in the levy against lots on which there is a house and not in the levy against vacant lots. An appropriate dictionary definition of "amount" is "the total number or quantity." [1] It seems most natural in this context to relate the word "amount" to "assessments" on the individual lots, so that the amount of the assessment on any lot shall be equal to the amount of the assessment on every other lot, even though the lots are of unequal value, except for the difference required where water and sewer maintenance is involved. This is defendants' position, and the conclusion of the circuit court.

Plaintiff points to the portion of the statute which fixes the maximum permissible assessment at a percentage of assessed valuation and suggests that it would be more sensible to interpret the requirement that assessments be "equal in amount" as if it read "at an equal rate," the maximum permissible rate being eight mills on each dollar of assessed valuation.

The legislative history supports the position of defendants. Sec. 289.70, Stats., was enacted by ch. 447, Laws of 1935. It contained the same provision as now, requiring the assessments to be equal in amount. It did not contain any limitation upon the assessment, nor any reference to a mill rate or percentage of assessed valuation.

---

[1] Webster's New International Dictionary (3d ed., unabridged).

The bill which became ch. 447 originally provided that, "The assessment so levied shall be equal in amount against all lots of the same size. . . ." but the bill was amended to read as it now does.[2]

There was no suggestion in the original statute that the amount of the assessment on the individual lots could vary according to the assessed valuation, and the initial proposal that the amount could vary according to the size of the lot was eliminated. It is very clear that it was intended that the total assessment for the particular year should be divided equally among all the lots.

In 1937, the legislature amended the statute so as to limit the assessment made against all the lots by the governing board. The words "not in excess of five mills on each dollar of assessed valuation" were inserted.[3] The change to eight mills was made in ch. 99, Laws of 1957. A notation in the files of the legislative reference library explains the reason for the 1937 amendment as follows:

"A measure suggested and sponsored by a group of property owners on lakes in Rock County to limit assessments by improvement corporations, some of which are actually controlled by residents of other states."

If it had been intended that thereafter assessments be levied on individual lots at a percentage of the assessed valuation of each, not to exceed five mills on each dollar, language plainly so providing could readily have been used. We consider that after the 1937 amendment, the total assessment for the particular year was to continue to be divided equally among all the lots, but that the total assessment must not exceed .5 percent (.8 percent since 1957) of the total assessed valuation of all the lots.

[2] Bill No. 1042 A., 1935; Amendment 1, A.
[3] Ch. 351, Laws of 1937.

We are aware of the possible construction that no assessment on a particular lot may exceed .8 percent of the assessed valuation of that lot. We note, however, that the limitation appears in the statute where the term "assessment . . . against all the lots" is in the singular, and we conclude that it is most reasonable to apply the mill-rate limitation to the aggregate assessment levied against all the lots. This seems to us to be true, even though in situations where the lots vary considerably in value, an assessment on an individual lot may markedly exceed .8 percent of the assessed valuation of that lot.

In 1945, this court decided that sec. 289.70, Stats., was constitutional.[4] Although the formula used in levying the assessment in that case was not challenged, it does appear from the complaint printed in the appendix to the appellant's brief that the corporation there involved followed the interpretation we now adopt. It was alleged that the board "levied a maintenance assessment against all of the lots, . . . which assessment did not exceed five mills on each dollar of assessed valuation of all of such lots, and which assessment was equal in amount against each of said lots and amounted to the sum of $4.18 for each such lot." We are unable to determine the formula used in the only other case which dealt with this statute.[5]

We note an assertion in the brief *amicus* that the plaintiff and other associations have for many years made assessments under sec. 289.70, Stats., based on a mill rate per dollar of assessed valuation of each lot. Even assuming an ambiguity, we have no way of ascertaining that this statute has, since 1937, been so consistently interpreted in this way by those who are affected by it that such interpretation should be followed.

*By the Court.*—Order and judgment affirmed.

---

[4] *Hall's Point Property Owners Asso. v. Zinda* (1945), 247 Wis. 280, 19 N. W. (2d) 251.

[5] *Hunt v. Oakwood Hills Civic Asso.* (1963), 19 Wis. (2d) 113, 119 N. W. (2d) 466.