COURT OF APPEALS
DECISION
DATED AND FILED

June 29, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1264**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV291

IN COURT OF APPEALS
DISTRICT IV

BRUCE FUCHS AND KAREN FUCHS,

   PLAINTIFFS-APPELLANTS,

 V.

WISCONSIN DEPARTMENT OF NATURAL RESOURCES,

   DEFENDANT-RESPONDENT,

TOWN OF CALEDONIA,

   DEFENDANT.

APPEAL from an order of the circuit court for Columbia County: TROY D. CROSS, Judge. *Affirmed*.

Before Kloppenburg, Graham, and Nashold, JJ.

¶1     GRAHAM, J.   Bruce and Karen Fuchs appeal a circuit court order that granted summary judgment against the Fuchses and dismissed their action to quiet title to a portion of a public beach owned by the Town of Caledonia.   The circuit court concluded that the Fuchses' adverse possession claim is barred by WIS. STAT. §§ 236.16(3)(b) and 236.43 (2021-22),[1] which together establish the exclusive statutory procedure for obtaining title to property that provides platted public access to navigable waters.   On appeal, the Fuchses concede that they did not commence an action under § 236.43 to vacate or alter the public beach, but they contend that they are not required to do so.   We reject the Fuchses' arguments and affirm the circuit court's grant of summary judgment.

## BACKGROUND

¶2     The following facts are taken from the summary judgment materials and are undisputed for purposes of summary judgment.

¶3     The Fuchses own a parcel of land on the shore of Lake Wisconsin in the Town of Caledonia.   The Fuchses' parcel abuts another parcel to the west that is owned by the Town, and both parcels are bordered to the north by a public road. The Town-owned parcel allows the public to access Lake Wisconsin.

¶4     The boundary lines of the two parcels were established by a 1929 plat of the "First Addition to [the] Bellevue Resort."[2]   In drawing this plat, a

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] A "plat" is a map of a subdivision.  *See* WIS. STAT. § 236.02(8).  A "subdivision" is "a division of a lot, parcel, or tract of land by the owner thereof … for the purpose of sale or of building development" when the act of division creates a certain number of smaller parcels of certain dimensions.  *See* WIS. STAT. § 236.02(12)(am)1., 2.

2

surveyor subdivided a larger tract of land on the shore of Lake Wisconsin and specifically designated the Town-owned parcel as a "PUBLIC BEACH." Throughout the opinion, we refer to this parcel as the "Town Beach."

¶5     The Fuchses purchased their parcel in 1994.  As a part of the sale, the prior owners also purported to convey an existing shed and septic tank that are located west of the property line on a portion of the Town Beach.  The prior owners had been using the shed and septic tank, and the Fuchses have continued to use the shed and septic tank since they purchased the property.

¶6     In November 2021, the Fuchses filed a complaint against the Town and the Wisconsin Department of Natural Resources (the DNR).  In their complaint, the Fuchses sought to quiet title pursuant to WIS. STAT. § 893.29 (1993-94) to the portion of the Town Beach that contains the shed and septic tank. That portion of land, which we refer to as the "disputed area," extends approximately 65-75 feet beyond the Fuchses' western boundary, encompassing almost half of the width of the Town Beach.  The Fuchses allege that they and their predecessors in interest had adversely possessed the disputed area since at least May 1994 by mowing, removing snow, maintaining the shed and septic tank, and treating the disputed area to prevent the accumulation of goose droppings.

¶7     The DNR moved for summary judgment, arguing that the Fuchses' action is barred by WIS. STAT. §§ 236.16(3)(b) and 236.43.  The DNR argued that the Town Beach constitutes public access to a lake established under WIS. STAT. ch. 236, and that the Fuchses cannot obtain title to the disputed area through adverse possession because § 236.43 provides the exclusive statutory procedure for terminating public access to a lake established under ch. 236.  The DNR further argued that the Fuchses did not comply with the procedures set forth in

§ 236.43, nor can they, because the Town will not agree to terminate public access at any portion of the Town Beach. The Town joined the DNR's motion for summary judgment.

¶8 The circuit court concluded that the Fuchses' action is barred by WIS. STAT. §§ 236.16(3)(b) and 236.43 and it granted summary judgment in favor of the DNR and the Town. The Fuchses appeal.

## DISCUSSION

¶9 We review de novo a circuit court's decision to grant summary judgment. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314-17, 401 N.W.2d 816 (1987). "A party is entitled to summary judgment when there are no genuine issues of material fact and that party is entitled to judgment as a matter of law." *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503; WIS. STAT. § 802.08(2). In this case, the parties appear to agree that the material facts are undisputed, and that the sole issue presented for our review is whether WIS. STAT. §§ 236.16(3)(b) and 236.43 bar the Fuchses' adverse possession claim. That issue presents a question of law, which we review de novo. *See Moya v. Aurora Healthcare, Inc.*, 2017 WI 45, ¶16, 375 Wis. 2d 38, 894 N.W.2d 405 (interpretation and application of a statute is a question of law).

¶10 "In Wisconsin, the state holds title to the beds of navigable lakes, ponds and rivers in trust for the public's use and enjoyment." *Vande Zande v. Town of Marquette*, 2008 WI App 144, ¶1, 314 Wis. 2d 143, 758 N.W.2d 187 (citing *R.W. Docks & Slips v. State*, 2001 WI 73, ¶19, 244 Wis. 2d 497, 628 N.W.2d 781); WIS. CONST. art. IX, § 1. For the public to use and enjoy the navigable waters held in trust by the state, the public must, of course, be able to access such waters. *Vande Zande*, 314 Wis. 2d 143, ¶1.

4

¶11 Since 1923, the legislature has required persons who subdivide lakefront property to set aside routes that allow the public to access navigable lakes. *Id.*, ¶1 (citing 1923 Wis. Laws, ch. 223). To that end, the statute that was in effect at the time the Town Beach was established provided: "The owner of [certain] lands … desiring to divide the same into lots … by the platting thereof, shall, in the platting of such lands, cause the highways to any lake … to be laid out and extended to [the] low-water mark of such lake … at intervals … of not more than one-half mile, as measured along the shore …." WIS. STAT. § 236.09(1) (1929).[3] The 1929 statute further provided that "such highways shall be not less than thirty feet in width." *Id.* That statute has been revised and renumbered over the years, and the current version now provides: "All subdivisions abutting on a lake or navigable stream shall provide public access at least 60 feet wide providing access to the water's edge … at not more than one-half mile intervals as measured along the lake or navigable stream …." WIS. STAT. § 236.16(3)(a).

¶12 In *Vande Zande*, we concluded that a separate statute in WIS. STAT. ch. 236, WIS. STAT. § 236.43, is "the exclusive means for the termination of a public access to a lake, regardless of when the access was laid out." *Vande Zande*, 314 Wis. 2d 143, ¶22. This interpretation was based on the language of WIS. STAT. §§ 236.16(3)(b) and 236.43. Section 236.16(3)(b) provides that "[n]o public access established under this chapter may be vacated except by circuit court

---

[3] Throughout their briefing, the parties cite to the 1929 version of the Wisconsin Statutes when discussing the law that was in effect when the subdivision in question was platted. We observe that the 1929 version of the statutes were not published until the end of the 1929 legislative session, after this subdivision was platted. However, we have not identified any substantive differences between the 1929 version and the version in effect when the subdivision was platted as it pertains to the issues in this case, and we follow the parties' lead in citing the 1929 statutes.

action as provided in [§] 236.43."[4] Section 236.43, in turn, outlines conditions precedent for a circuit court to "vacate[] or alter[]" "[p]arts of a plat dedicated to and accepted by the public for public use." One of the conditions is that "the governing body of the … town in which the … public way is located [has] joined in the application for vacation." *See* § 236.43(1)(d).

¶13 As noted, the Fuchses commenced their adverse possession action under WIS. STAT. § 893.29(1) (1993-94).[5] For purposes of summary judgment, it is undisputed that the facts adduced by the Fuchses could satisfy their burden to prove adverse possession, provided that adverse possession is an available means of acquiring title to a portion of the Town Beach. However, to the extent that the Town Beach constitutes "public access established under [WIS. STAT. ch. 236]," the Fuchses cannot obtain title to this property via adverse possession. *See* WIS. STAT. § 236.16(3)(b). This is because, as we have explained, public access established under ch. 236 can be terminated only through the procedure set forth in WIS. STAT. § 236.43.[6] *Vande Zande*, 314 Wis. 2d 143, ¶22.

---

[4] WISCONSIN STAT. § 236.16(3)(b) provides one exception to this rule, stating that "public access may be discontinued under [WIS. STAT. §] 66.1003, subject to [WIS. STAT. §] 66.1006." It is undisputed that those statutes are inapplicable here.

[5] In 1993, the then-existing statutes allowed the adverse possession of lands owned by the state or political subdivisions. WIS. STAT. § 893.29 (1993-94). That statute has since been amended, and the current version no longer permits adverse possession against the state or any political subdivision. *See* § 893.29(1) (as amended by 1997 Wis. Act 108 and 2015 Wis. Act 219).

[6] WISCONSIN STAT. § 893.29(1) (1993-94) could be read to authorize the adverse possession of any type of public land, including public accesses established under WIS. STAT. ch. 236. However, that interpretation of § 893.29(1) (1993-94) would conflict with WIS. STAT. § 236.16(3)(b), as that statute was interpreted in *Vande Zande*. *See Vande Zande v. Town of Marquette*, 2008 WI App 144, ¶22, 314 Wis. 2d 143, 758 N.W.2d 187. If there is a conflict between statutes, the specific statute controls over the more general statute. *Belding v. Demoulin*, 2014 WI 8, ¶17, 352 Wis. 2d 359, 843 N.W.2d 373. The Fuchses do not contest that, to the extent that there is a conflict between § 893.29(1) (1993-94), which generally addresses

(continued)

¶14      The Fuchses argue that their adverse possession claim is not barred by WIS. STAT. §§ 236.16(3)(b) and 236.43 for what we discern to be two reasons. They first contend that the Town Beach is not "public access established under" the version of WIS. STAT. ch. 236 that was in effect in 1929 when the subdivision was platted; therefore, they argue that § 236.43 is not the exclusive means to obtain title to a portion of the Town Beach.  In the alternative, they contend that, even if the Town Beach is public access established under ch. 236, § 236.16(3)(b) does not bar their adverse possession claim because they are not seeking to "vacate" all public access to Lake Wisconsin from the Town Beach.  We consider and reject these arguments in turn.

## I.

¶15      As noted, WIS. STAT. § 236.16(3)(b) provides that "[n]o public access established under this chapter may be vacated except by" an "action as provided in [WIS. STAT. §] 236.43."   And § 236.43, in turn, sets forth the procedure for "vacat[ing] or alter[ing]" "[p]arts of a plat dedicated to and accepted by the public for public use."

¶16      The Fuchses contend that these statutes do not apply because the Town Beach is not "public access established under [WIS. STAT. ch. 236]."  More specifically, the Fuchses argue that, for the Town Beach to constitute "public access established under [ch. 236]," it must have been dedicated as such in accordance with the version of ch. 236 that was in effect when the subdivision was

---

adverse possession of public lands, and § 236.16(3)(b) and WIS. STAT. § 236.43, which specifically address vacating or modifying plats that provide public access to lakes, the more specific statute controls.

platted. We assume without deciding that this general premise is correct, and further, as the Fuchses assert, that the access must have been dedicated to the public pursuant to a statutory dedication.[7]

¶17 When land is subdivided, public spaces are established by means of dedication to the public. ***Cohn v. Town of Randall***, 2001 WI App 176, ¶6, 247 Wis. 2d 118, 633 N.W.2d 674. Statutory dedication "involves compliance with the statutory procedure, and is generally accomplished [through] the platting process." ***Vande Zande***, 314 Wis. 2d 143, ¶8. It consists of "whatever conduct is prescribed by statute, which usually requires the execution and filing of a plat in accordance with local law." ***Cohn***, 247 Wis. 2d 118, ¶6. We therefore look to WIS. STAT. ch. 236 (1929) to determine whether the Town Beach was established as public access in accordance with the then-existing statutes.

¶18 Here, there is no dispute that the 1929 plat was itself "execut[ed] and fil[ed]" in accordance with Wisconsin law. *See **id.*** Then, as now, WIS. STAT. ch. 236 (1929) set forth statutory requirements regarding the platting process, and the Fuchses do not identify any provision in ch. 236 (1929) regarding the execution or filing of a plat with which the 1929 plat does not comply.[8]

---

[7] Public spaces may be dedicated to the public through statutory or common law dedication. ***Vande Zande***, 314 Wis. 2d 143, ¶8.

[8] WISCONSIN STAT. § 236.01 (1929) allowed owners to divide tracts of land into "lots, … streets and alleys, commons or public grounds as [the owner] may choose," and set forth requirements for surveying and subdividing "the exterior boundaries of the tract of land so surveyed and divided and of all the lots, blocks, streets, alleys, commons or public grounds into which the same shall be divided." *See* § 236.01(1), (4) (1929). The 1929 plat appears to have satisfied all requirements set forth in WIS. STAT. § 236.02 (1929) "to entitle a map made under the provisions of [§] 236.01 to be recorded." Among other things, the 1929 plat contained an acknowledgement from the former owner of the platted land, as required by § 236.02(3) (1929). The 1929 plat also contained the following certification from the surveyor, as required by § 236.02(2)(d) (1929): "That in surveying and subdividing [the First Addition to Bellevue

(continued)

¶19 We now turn to whether the Town Beach was dedicated to the public for public use. Wisconsin cases have stated that this inquiry turns on the former owner's "[i]ntent to dedicate [land] to the public." *Vande Zande*, 314 Wis. 2d 143, ¶8 (explaining that intent to dedicate to the public is an essential component of either statutory or common law dedication). The statute in effect at the time, WIS. STAT. § 236.11 (1929), required that all lands "donat[ed] or grant[ed] to the public" be "marked or noted as such on [the] plat." Section 236.11 (1929) further provides: "Such map or the record thereof or a certified copy of such record shall be presumptive evidence of the truth of the facts therein stated in accordance with the provisions of this chapter."[9]

---

Resort] I have complied with the provisions of [WIS. STAT.] Chapters 236-236.09 and 278 [(1929)] of the Wisconsin statutes as pertains to such platting." It is undisputed that the Town passed the following resolution approving the plat, which was required by WIS. STAT. § 236.08(1) (1929) and appeared on the face of the 1929 plat: "Be it resolved by the town board of the Town of Caledonia, Columbia County, Wisconsin, that the plat of the First Addition to 'Bellevue Resort' as laid out and platted in accordance with the laws of Wisconsin, be and is hereby approved." It is further undisputed that the plat was recorded with the county register of deeds, consistent with WIS. STAT. § 236.10 (1929).

[9] For the reader's convenience, we reproduce the text of WIS. STAT. § 236.11 (1929), entitled "Title to land marked as donated," in its entirety:

> When any map shall have been made, certified, signed, acknowledged and recorded as above in this chapter prescribed every donation or grant to the public or any individual or individuals, religious society or societies or to any corporation marked or noted as such on said plat or map shall be deemed in law and equity a sufficient conveyance to vest the fee simple of all such parcel or parcels of land therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors, their heirs or representatives to the said done or donees, grantee or grantees for his, her or their use for the uses and purposes therein expressed and intended and no other use or purpose whatever; and the land intended to be for the streets, alleys, ways, commons or other public uses as designated on said plat shall be held in the corporate name of the town, city or village in which such plat is situated in trust to and for the uses and purpose set forth, expressed and intended. Such

(continued)

¶20     Although the Fuchses make some gestures in this direction, they cannot meaningfully dispute that, in designating the Town Beach parcel "PUBLIC BEACH," the former owner's unambiguous intention was to dedicate that parcel to the public for public use. *See Vande Zande*, 314 Wis. 2d 143, ¶13.   The Fuchses point to *Hunt v. Oakwood Hills Civic Ass'n*, 19 Wis. 2d 113, 119 N.W.2d 466 (1963), but that case is inapt.  In *Hunt*, the plat designated one parcel as a "Public Way" and a second parcel as a "Community Beach."   Our supreme court determined that "the intention expressed [by the 'Community Beach' designation] was to reserve a common use for the [adjoining] lot owners," and that "[t]he word 'community' was not intended to mean 'public.'" *Id.* at 117.

¶21     This case is more akin to *Vande Zande*, 314 Wis. 2d 143.  In that case, we rejected an argument that the designation "Public Access" was insufficient to dedicate a parcel to the public for public use. *Id.*, ¶13.  Otherwise, we explained, one "would have to conclude that the word 'public' was not intended to mean 'public,'" which we would not do. *Id.*   Here, as in *Vande Zande*, we conclude that the designation "PUBLIC BEACH" demonstrates an unambiguous intent to dedicate the parcel to the public for public use.

¶22     We now turn to the question that appears to be at the heart of the Fuchses' argument—whether the designation "PUBLIC BEACH" was sufficient to dedicate the parcel as "public access established under [WIS. STAT. ch. 236]." The Fuchses appear to advance two arguments why it was not, the first argument

map or the record thereof or a certified copy of such record shall
be presumptive evidence of the truth of the facts therein stated in
accordance with the provisions of this chapter.

focuses on the term "access" and the second focuses on the phrase "established by this chapter."

¶23    The Fuchses first argue that the designation "PUBLIC BEACH" is not synonymous with "public access" to navigable water, as that term is used in WIS. STAT. § 236.16(3)(b).  This argument is a nonstarter.  The Fuchses cannot dispute that, as a factual matter, the Town Beach allows members of the public to access Lake Wisconsin without crossing private property.  Turning to the pertinent law, the Fuchses do not identify any statute, case, or other source of law requiring a plat to specifically use the designation "public access" for a parcel to constitute "public access [to navigable waters] established under this chapter" as that phrase is used in § 236.16(3)(b).  We conclude that "public access" is a broad term that encompasses any means by which the public may be granted access to navigable water, and a public beach is one such means.

¶24    Second, the Fuchses argue that, even if the public beach could constitute public access to navigable water, this particular beach does not constitute public access "established under [WIS. STAT. ch. 236]."  This is because, the Fuchses contend, the 1929 version of the statutes required access by "highway," and a public beach is not a "highway."  *See supra* ¶11 (quoting WIS. STAT. § 236.09(1) (1929)).[10]  In other words, the Fuchses appear to be arguing that

_____

[10] Again, for convenience, we reproduce the text of WIS. STAT. § 236.09(1) (1929), entitled "Plats, lake frontage," in its entirety:

> The owner of any lands lying outside the corporate limits of any city or village in this state desiring to divide the same into lots or blocks by the platting thereof, shall, in the platting of such lands, cause the highways to any lake or stream shown on the map thereof, to be laid out and extended to [the] low-water mark of such lake or stream, at intervals, wherever practicable unless the topography and ground conditions prevent,

(continued)

the Town Beach cannot constitute public access *established* under ch. 236 because the version of ch. 236 in effect at the time did not *mandate* public access to navigable waters through any means other than a highway. For its part, the DNR contends that the term "highway" means nothing more than "a public way," and, as such, is synonymous with the term "public access" as used in the current version of WIS. STAT. § 236.16. *See* WIS. STAT. § 990.01(12) (defining "highway"

---

of not more than one-half mile, as measured along the shore, such highways to be not less than thirty feet in width, which platting shall be to the satisfaction and approval of the town board or boards of the town or towns in which such lands are situated, and also of the state board of health; but approval by the state board of health shall not be necessary for the platting of land lying within one and one-half miles of the corporate limits of any city of the first class, or within three miles of the corporate limits of any city of the second or third class, nor for any plats in counties governed by the provisions of [§] 236.03, or which have a county park commission. Such map or plat shall show the exterior boundaries, courses and distances of boundary lines of all lots shown thereon, with the number of each lot and of the block in which the same is located, together with a certificate of the engineer or surveyor by whom the same was prepared, certifying to the correctness of the same, and that it complies with the requirements of this section. Such map or plat shall further contain the acknowledgement of the owner or owners of the lands platted, made before an officer authorized to take acknowledgements under the laws of Wisconsin to the effect that such owner or owners caused such plat to be made. If such plat shall be approved by the town board or boards of such town or towns, such owner or owners shall be approved by the town board or boards of such town or towns, such owner or owners, shall file a true copy thereof will with the clerk of each town in which the said lands are situated, and shall thereafter and within thirty days after the date of the last approval, cause such map and plat, together, with a certified copy of each resolution approving the same, to be left for record in the office of the register of deeds of the county in which such lands are located.

The Fuchses do not dispute that the 1929 plat was established consistent with all the procedural requirements set forth in § 236.09(1) (1929).

to include "all public ways and thoroughfares and all bridges upon the same"); WIS. STAT. § 370.01(5) (1929) (same).

¶25 We need not resolve the parties' dispute over whether the Town Beach can or cannot be considered a "highway" because the Fuchses' argument rests on an unsupportable premise—that the public access established by the 1929 plat must have been specifically mandated by the then-existing statutes to constitute "public access established under [WIS. STAT. ch. 236 (1929)]." WIS. STAT. § 236.16(3)(b) (1929). There is no support for this premise in the Wisconsin statutes. The unambiguous language of WIS. STAT. § 236.16(3)(b) pertains to "public access established under [ch. 236]." And, as we have already determined, the Town Beach was dedicated to the public, it provides access to navigable water, and such access was "established" following the procedures set forth in ch. 236 (1929). Thus, regardless of whether this specific form of access was or was not mandated by ch. 236 (1929), the Town Beach is "public access established under this chapter," as that phrase is used in § 236.16(3)(b).

## II.

¶26 The Fuchses' alternative argument focuses on the term "vacated," as that term is used in WIS. STAT. § 236.16(3)(b). As noted, § 236.16(3)(b) provides that "[n]o public access established under this chapter may be vacated except by circuit court action as provided in [WIS. STAT. §] 236.43." The Fuchses argue that their adverse possession claim is not governed by § 236.16(3)(b) because quieting title to the disputed area will not eliminate all public access to Lake Wisconsin from the Town Beach.

¶27 According to the Fuchses, the term "vacate" in WIS. STAT. § 236.16(3)(b) means "to make legally void," and they contend that they are not

attempting to legally void all public access to Lake Wisconsin through the Town Beach. Because the Fuchses claim to have adversely possessed only a portion of the Town Beach, they explain that the public will continue to have access to Lake Wisconsin through other portions of the Town Beach even after they obtain title to the disputed area. We reject the Fuchses' alternative argument for three reasons.

¶28 First, the Fuchses provide no legal support for their argument. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (providing that we need not consider arguments that are unsupported by legal authority).

¶29 Second, the Fuchses' position is not consistent with the pertinent statutory language. As noted, WIS. STAT. § 236.16(3)(b) refers to the process set forth in WIS. STAT. § 236.43, which addresses "[v]acation *or alteration* of areas dedicated to the public." (Emphasis added.) Section 236.43, in turn, provides that "[p]arts of a plat dedicated to and accepted by the public for public use may be vacated *or altered*" following the process set forth in that statute. (Emphasis added.) Even assuming for the sake of argument that the Fuchses' action will not "vacate" all public access at the Town Beach, as that term is used in §§ 236.16(3)(b) and 236.43, it will certainly "alter" the public's access by allowing the Fuchses to exclude the public from nearly half of that parcel.

¶30 Finally, if accepted, the Fuchses' argument would thwart the purpose of WIS. STAT. §§ 236.16 and 236.43. Section 236.16 promotes the public trust doctrine by requiring public access of a certain width at certain intervals along the shore, and § 236.43 also promotes the public trust doctrine by requiring, among other things, the consent of the municipality in which the public access is located to vacate or alter that access. Under the Fuchses' construction of §§ 236.16(3)(b)

and 236.43, an individual could evade these statutory requirements by obtaining title via adverse possession to all but a foot-wide strip of an existing public access, over the municipality's objection. That construction would allow private individuals to chip away at the public access mandated by statute, and would undermine the rights safeguarded by the public trust doctrine.

¶31 For all these reasons, we reject the Fuchses' arguments. We conclude that the circuit court correctly granted summary judgment in favor of the DNR and the Town because the Fuchses' adverse possession claim is barred by WIS. STAT. §§ 236.16(3)(b) and 236.43.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.